Filed 7/15/22  P. v. Burney CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079646 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD238174) |
| TIFFANY NICOLE BURNEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Remanded with instructions.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Andrew Mestman, and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

Tiffany Nicole Burney contends that this court must remand this case for resentencing to allow the trial court to exercise its new discretion to possibly select an uncharged, lesser firearm enhancement as explained by the

California Supreme Court in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*). Additionally, Burney contends, and the Attorney General agrees, that pursuant to Assembly Bill No. 1869 (Assembly Bill 1869), as of July 1, 2021, Burney is no longer required to pay a $154 criminal justice administrative fee.

In light of *Tirado*, we conclude that this case should be remanded for resentencing to allow the trial court to consider exercising its discretion to modify Burney's Penal Code[1] section 12022.53, subdivision (d) enhancement to a lesser enhancement. We also determine that, under Assembly Bill 1869, Burney is no longer required to pay any of the $154 criminal justice administrative fee to the extent that she had not paid it as of July 1, 2021. Accordingly, we will remand the matter for resentencing with instructions to vacate the criminal justice administrative fee and amend the abstract of judgment as necessary.

## I

### FACTUAL AND PROCEDURAL BACKGROUND

In December 2011, Burney shot her great aunt four times killing her.[2] The prosecutor charged her with one count of murder under section 187, subdivision (a), with an additional firearm enhancement for intentionally and personally discharging a firearm causing death under section 12022.53, subdivision (d). Prior to trial, the court held a mental competency hearing, found Burney mentally incompetent to stand trial, and ordered her

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

[2]     The underlying facts of this conviction are not relevant to this appeal. Accordingly, we eschew the traditional factual background of the charged crimes.

commitment to a state hospital. A year later, the court held a second mental competency hearing, found her mentally competent to stand trial, and reinstated her criminal proceedings.

At trial, Burney entered a not guilty plea by reason of insanity. At the guilt phase, the jury found her guilty of the murder count and found true the firearm enhancement. However, at the sanity phase, the court declared a mistrial due to a hung jury. Two years later, a second jury found Burney sane at the time of the commission of the murder.

The court sentenced Burney to prison for 50 years to life, comprised of the following: 25 years to life for the murder conviction and an additional consecutive 25 years to life for the section 12022.53, subdivision (d) firearm enhancement. In addition, the court ordered her to pay a $154 criminal justice administrative fee pursuant to Government Code section 29550.

Burney appealed her conviction and this court affirmed the judgment but remanded for resentencing for the limited purpose of considering whether to strike, dismiss, or impose the section 12022.53, subdivision (d) firearm enhancement sentence. At resentencing, Burney's counsel requested the court strike the section 12022.53, subdivision (d) firearm enhancement. However, counsel did not ask the trial court to consider imposing a lesser firearm enhancement.

The court denied Burney's request to strike the enhancement and imposed the additional 25 years to life term. During resentencing, the court stated that it "never takes lightly when it sentences anybody to 50 years to life." The court further emphasized that "it is warranted to have the additional 25 years to life because [Burney's] conduct of shooting [the victim] in the manner in which [Burney] did and the facts and the circumstances of which [Burney] did." The court specifically considered that Burney knew the

victim was home alone, she went to great efforts to obtain a gun, she continued to be a danger to others, she acquired subsequent rule violations in custody[3], and she maintained a disruptive attitude throughout court proceedings.

After our high court issued its opinion in *Tirado*, *supra*, 12 Cal.5th 688, Burney timely appealed, asking this court to remand this matter for resentencing.

II

DISCUSSION

As a threshold matter, the Attorney General argues that Burney's request for remand is forfeited because her counsel did not ask the trial court to consider imposing a lesser enhancement at resentencing. In the alternative, the Attorney General argues that, on the merits, Burney's request for remand is futile because the record is clear that the trial court would not have exercised its discretion to impose a lesser enhancement under *Tirado*.

Regarding the criminal justice administrative fee, the Attorney General concedes that, as of July 1, 2021, Burney is no longer required to pay that fee pursuant to Assembly Bill 1869. We consider each issue in turn.

A. Legal Standards

Section 12022.53 established a three-tiered system for firearm enhancements that applies to defendants who use firearms during the commission of certain felonies. (§ 12022.53.) First, a defendant who

---

[3]   In May 2017, Burney approached a corrections officer with closed fists forcing the officer to push her away. In March 2019, Burney punched a corrections officer in violation of California Code of Regulations, title 15, section 3005, subdivision (d)(1). In April 2019, Burney spit on a corrections officer. In January 2020, Burney spit on a nurse.

4

"personally uses a firearm" during the commission of a felony is subject to an additional and consecutive enhancement of 10 years to life. (§ 12022.53, subd. (b).) Next, a defendant who "personally and intentionally discharges a firearm" during the commission of a felony is subject to an additional and consecutive enhancement of 20 years to life. (§ 12022.53, subd. (c).) Finally, a defendant who "personally and intentionally discharges a firearm and proximately causes great bodily injury[ ] . . . or death" during the commission of a felony is subject to an additional and consecutive enhancement of 25 years to life. (§ 12022.53, subd. (d).) Section 12022.53 further provides that a sentencing court may strike or dismiss an enhancement required by subdivisions (b), (c), and (d) "in the interest of justice." (§ 12022.53, subd. (h).)

Before the California Supreme Court's recent decision in *Tirado*, the question of whether a trial court possessed the discretion to modify a section 12022.53 firearm enhancement by imposing a lesser enhancement divided California Courts of Appeal. (Compare *People v. Morrison* (2019) 34 Cal.App.5th 217, 223 (*Morrison*) with *People v. Tirado* (2019) 38 Cal.App.5th 637, 643, review granted November 13, 2019, S257658.) For example, in *Morrison*, the court held that a trial court can strike a section 12022.53, subdivision (d) enhancement and impose a lesser section 12022.53, subdivision (b) or (c) enhancement instead. (*Morrison*, at p. 223.) However, other courts held that section 12022.53 did not authorize a court to "substitute one enhancement for another." (*People v. Tirado*, at p. 643.)

The California Supreme Court recently resolved this split in *Tirado* by holding, "When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision] (d) enhancement, and the court determines that the section 12022.53[, subdivision] (d) enhancement

5

should be struck or dismissed under section 12022.53[, subdivision] (h), the court may, under section 12022.53[, subdivision] (j), impose an enhancement under section 12022.53[, subdivisions] (b) or (c)." (*Tirado, supra*, 12 Cal.5th at p. 700.) Furthermore, even if the prosecution "did not specifically allege enhancements under section 12022.53[, subdivisions] (b) or (c), the trial court could impose those enhancements even when the section 12022.53[, subdivision] (d) enhancement was not legally or factually inapplicable." (*Id.* at p. 697.)

### B. Forfeiture

Generally, "only those claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Thus, a party who does not properly raise an issue, typically through an objection, forfeits that issue on appeal. (See *People v. Holman* (2013) 214 Cal.App.4th 1438, 1449.) "However, neither forfeiture nor application of the forfeiture rule is automatic." (*People v. McCullough* (2013) 56 Cal.4th 589, 593.) "An appellate court may exercise its discretion to review a claim affecting the substantial rights of the defendant despite forfeiture for failure to raise the issue below." (*People v. Denard* (2015) 242 Cal.App.4th 1012, 1020.) Furthermore, a reviewing court is "more inclined to find an exception to the general rule of forfeiture when there has been a change in decisional law that affects the rights of the parties." (*GreenLake Capital, LLC v. Bingo Investments, LLC* (2010) 185 Cal.App.4th 731, 739, fn. 6 (*GreenLake Capital, LLC*).) Similarly, when determining if a defendant's lack of objection forfeits an issue on appeal, "Reviewing courts have traditionally excused parties failing to raise an issue at trial where an objection would have been futile or

wholly unsupported by substantive law then in existence.[4]" (*People v. Welch* (1993) 5 Cal.4th 228, 237 (*Welch*).) " 'In determining whether the significance of the change in the law excuses counsel's failure to object at trial, we consider the "state of the law as it would have appeared to competent and knowledgeable counsel at time of the trial." ' " (*People v. Perez* (2020) 9 Cal.5th 1, 8, quoting *People v. De Santiago* (1969) 71 Cal.2d 18, 23.)

Here, Burney did not forfeit her right to appeal on the resentencing issue despite her failure to ask the trial court to impose a lesser enhancement at resentencing. The Attorney General cites *Morrison*, *supra*, 34 Cal.App.5th at page 220 as indicative that Burney forfeited the resentencing issue because the court decided *Morrison* two years before Burney's resentencing hearing. In *Morrison*, the court concluded that a trial court has the discretion to impose an uncharged, lesser enhancement under section 12022.53. (*Id.* at pp. 222-223.) However, as the Attorney General acknowledges, at the time the trial court considered whether to strike the firearm enhancement, the question of whether it had the discretion to impose a lesser firearm enhancement was unresolved. Indeed, this very issue prompted the Supreme Court's review in *Tirado*. (See *Tirado*, *supra*, 12 Cal.5th at pp. 696-697.) Although asking the court to impose a lesser enhancement at the time of Burney's resentencing was not "wholly unsupported by substantive law," the discretion issue was not well established under California law. (*Welch*,

---

[4] The Attorney General primarily argues that Burney's failure to ask the trial court to impose a lesser enhancement results in a forfeiture of the issue on appeal. Because failing to raise an argument at the trial court and failing to object to an issue at the trial court can produce the same legal result on appeal (forfeiture,) we note the relevant legal standards from forfeiture cases that arise from a defendant failing to object to an issue at trial and apply those standards to our analysis in this case.

*supra*, 5 Cal.4th at p. 237.)  The Court of Appeal in *People v. Tirado, supra,* 38 Cal.App.5th 637, review granted, for example, reached the opposite conclusion from the court in *Morrison*, prompting the Supreme Court's review.  (*Tirado*, at p. 697.)  In this case, we are "more inclined to find an exception to the general rule of forfeiture" for Burney's failure to request a lesser enhancement at resentencing given the split in authority at the time.  (*GreenLake Capital, LLC*, *supra*, 185 Cal.App.4th at p. 739, fn. 6.)  Therefore, Burney's decision to not ask the court to use its discretion to impose a lesser enhancement at resentencing falls into the narrow category of exceptions to the forfeiture rule, and Burney may request a remand for resentencing on appeal.

C.  Remand Is Appropriate for the Trial Court to Consider Whether It Should Exercise Its Discretion to Impose a Lesser Enhancement

During sentencing, "a defendant is entitled to decisions made by a court exercising informed discretion." (*Tirado, supra*, 12 Cal.5th at p. 694; *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).)  Consequently, "A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado*, at p. 694; *People v. Carmony* (2004) 33 Cal.4th 367, 378.)  When a trial court sentences a defendant while unaware of the scope of its discretion, remand for resentencing is appropriate unless "the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware it had such discretion.' " (*Gutierrez*, at p. 1391, quoting *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)

Here, remand is appropriate because the record does not clearly indicate that the trial court would not have exercised its discretion had it known it could modify Burney's section 12022.53, subdivision (d) enhancement pursuant to *Tirado*.  The Attorney General argues that the court's remarks during resentencing when it upheld Burney's

8

section 12022.53, subdivision (d) enhancement clearly indicate that the court would not have exercised such discretion. Therefore, the Attorney General concludes that remand is futile. To this end, the Attorney General points to the court's statement that it "never takes lightly when it sentences anybody to 50 years to life." Furthermore, the court found that the enhancement was warranted because of the "facts and circumstances" surrounding the homicide such that Burney knew the victim was home alone, and she went to great efforts to obtain a gun. In addition, the court believed imposing the enhancement was warranted because of her subsequent rule violations in custody and her disruptive attitude during her court appearances (including trial).

While these comments highlight the court's position on the decision to strike or impose the enhancement altogether, they are not conclusive of whether remand would be futile if the court knew it had the discretion to impose a lesser enhancement. For example, at least one appellate court found that a trial court's remarks about the egregious nature of the defendant's crime, the defendant's recidivism, and the imposition of consecutive sentences, two of which the trial court here highlighted as reasons for upholding Burney's enhancement at resentencing, "cannot alone establish what the court's discretionary decision would have been." (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 427.) Thus, the appellate court determined it prudent to remand the matter because the record did not clearly indicate that the trial court would not strike one or more firearm enhancements. (*Ibid*.) Here, the court's statements alone are not sufficient to "clearly indicate" that the trial court would have imposed the section 12022.53, subdivision (d) enhancement if it knew it had the discretion to impose a lesser enhancement. (See *Gutierrez, supra*, 58 Cal.4th at p. 1391.)

9

The statements highlighted by the Attorney General merely illustrate the court's reasoning as to whether it should entirely impose or strike Burney's section 12022.53, subdivision (d) enhancement.

Simply put, there is nothing in the record to show that, given the choice to impose either of the lesser firearm enhancements under section 12022.53, subdivision (b) or (c), the trial court would have imposed the same sentence when it believed it only had the binary choice to dismiss or impose the section 12022.53, subdivision (d) enhancement. Furthermore, even when the record reflects that the resentencing court "understood that they had some discretion in sentencing," the record still needs to clearly indicate that the court "would have imposed the same sentence had they been aware of the full scope of their discretion." (*Gutierrez, supra,* 58 Cal.4th at p. 1391.) Here, the court at resentencing acknowledged that it had "discretion not to impose that 25 year to life [enhancement,]" yet there is no indication that the court realized it had the option to impose a lesser firearm enhancement. Thus, we conclude that remand for resentencing is appropriate in this case.

D. Criminal Justice Administrative Fee

Pursuant to Assembly Bill 1869, Government Code section 6111 repealed Government Code section 29550 in part to "eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Assem. Bill No. 1869 (2019-2020 Reg. Sess.) § 2; Gov. Code, §§ 6111, 29550.) Government Code section 6111 provides, "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be

vacated." (Gov. Code § 6111, subd. (a).) It further specifies that, "This section shall become operative on July 1, 2021." (Gov. Code § 6111, subd. (b).)

In *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953 (*Lopez-Vinck*), the court interpreted Assembly Bill 1869 and held that "[b]y specifying the precise date on which the costs that have been imposed . . . become unenforceable and uncollectible, the Legislature made clear that any amounts paid prior to that time need not be vacated." The court further held that the defendant was not entitled to a vacatur of all fees the defendant paid prior to July 1, 2021. (*Ibid*.) However, the defendant received a vacatur of the criminal justice administrative fee that remained unpaid as of July 1, 2021, and the court instructed the trial court to modify the judgment consistent with the vacatur. (*Ibid*.)

At sentencing, the trial court ordered Burney to pay a $154 criminal justice administrative fee pursuant to Government Code section 29550. The parties acknowledge that, under Assembly Bill 1869, as of July 1, 2021, Burney's unpaid balance of $154 became "unenforceable and uncollectible." (*Lopez-Vinck, supra*, 68 Cal.App.5th at p. 951.) We agree with the parties. Therefore, on remand, we instruct the trial court to vacate the $154 criminal justice administrative fee and amend the abstract of judgment accordingly.

## DISPOSITION

We remand this case to the trial court with instructions to conduct a new sentencing hearing so the trial court may consider exercising its discretion in accordance with *Tirado*. We offer no opinion as to the results of that resentencing. We further instruct the trial court to vacate any portion of the $154 criminal justice administrative fee that was not paid before July 1, 2021. Following the resentencing hearing, the court is to prepare an

11

amended abstract of judgment and forward it to the California Department of Corrections and Rehabilitation.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

DATO, J.